# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM HUBI,<br><br>        Plaintiff,<br><br>    v.<br><br>KEVIN NALTY, a/k/a Kevin Nalts, et al.,<br><br>        Defendants. | Civil Action<br><br>No. 10-3821 |

June 7, 2011

**MEMORANDUM/ORDER**

**I. Background**

      Plaintiff Sam Hubi, a citizen of Pennsylvania and Philadelphia ice cream truck operator, filed a *pro se* complaint against Kevin Nalty, also a citizen of Pennsylvania, concerning a video that Mr. Nalty created and published on the Internet via Youtube.[1] Mr. Hubi alleged that the Youtube video included footage of Mr. Hubi which, according to the complaint, was used without permission and depicted Mr. Hubi as a "creepy ice cream man." (Docket No. 1 at 3.) Mr. Hubi claims that the video has subjected him to "harassment [and] discrimination" and caused him a loss of income. (*Id.*)

---

[1] Youtube LLC was initially a co-defendant in this suit, but the action against it was voluntarily dismissed by plaintiff Hubi pursuant to Fed. R. Civ. P. 41(a). (Docket No. 11.) The company runs Youtube.com, a popular website that hosts user-created videos.

Defendant Nalty moved to dismiss the suit for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Hubi, now represented by counsel, opposes the motion.

**II. Discussion**

Before considering the merits of the motion, this court must consider *sua sponte* whether it has subject matter jurisdiction to hear the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (asserting that the presence of subject matter jurisdiction is a "question [that] the court is bound to ask and answer for itself"). "'Without jurisdiction the court cannot proceed at all in any cause.'" *Id.* (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

Federal district courts are courts of limited jurisdiction. Federal jurisdiction over civil actions is generally based on diversity of citizenship or the need to resolve a question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1332(a) (diversity), 1331(a) ("arising under" jurisdiction). Diversity jurisdiction is unavailable in the present case because both parties are citizens of Pennsylvania. This court therefore has jurisdiction over the case only if the complaint raises a federal question.

At the pleadings stage, the presence of federal question jurisdiction turns on whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Bracken v. Matgouranis*, 296 F.3d 160, 163 (3d Cir. 2002). In this case, the complaint will be liberally construed because Mr. Hubi, a layman, prepared it himself. *See Merritt v. Fogel*, 349 F. App'x 742, 745 (3d Cir. 2009). Nonetheless, the claim must not be "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89 (citation omitted).

Liberally construed, the complaint alleges three causes of action: (1) defamation;[2] (2) invasion of privacy;[3] and (3) civil rights violations.[4]  Defamation is a common law claim that has been codified into Pennsylvania law.  *See* 42 Pa. C.S. § 8343 (2007).  It has no basis in federal law.  *See Finch v. Cambria Cnty. Prison*, 399 F. App'x 703 (3d Cir. 2010) (upholding the district court's dismissal of a *pro se* complaint alleging defamation for lack of subject matter jurisdiction).  Plaintiff Hubi's claim that he was defamed when Mr. Nalty allegedly characterized him as "creepy" does not present a federal question.  (Docket No. 1 at 3.)

Mr. Hubi also alleges that his privacy was invaded when he was portrayed in a "false light" in the Youtube video.  (*Id*. at 2.)  Invasion of privacy is a claim that arises under state law rather than federal law.  *Rolax v. Whitman,* 53 F. App'x 635, 638 (3d Cir. 2002) ("An invasion of privacy claim is not a constitutional tort, however, but rather a creature of state law.").  Although the Constitution does protect some privacy interests, *see, e.g., Lawrence v. Texas*, 539 U.S. 558 (2003) (holding that states may not prohibit consensual and private sexual activity), no violation

---

[2] The complaint lists "liable [sic]" and slander as bases for federal jurisdiction.  (Docket No. 1 at 2.)  Each is a form of defamation.  *See* Restatement (Second) of Torts § 568.

[3] Plaintiff Hubi lists "portraying plaintiff in a false light" and "invasion of privacy" in the complaint.  (Docket No. 1 at 2.)  False light claims are a form of invasion of privacy.  *See* Restatement (Second) of Torts § 652E.

[4] The complaint also lists "first amendment" and "harassment over the internet" in the portion of the *pro se* complaint form which requests that the *pro se* plaintiff identify the basis for federal diversity jurisdiction.  Issues relating to the First Amendment may confer federal jurisdiction in defamation cases when the amendment is used as a defense, *see, e.g., New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), but that is inapplicable here.  "Harassment" of this sort is not a civil cause of action under Pennsylvania or federal law.  *See Sobel v. Wingard*, 531 A.2d 520, 523 (Pa. Super. Ct. 1987) ("declin[ing] to create a new cause of action in tort for 'harassment'").

of constitutional privacy by a state is alleged. Accordingly, plaintiff Hubi's allegation concerning invasion of privacy does not afford a basis for federal jurisdiction.

Mr. Hubi also claims a violation of his civil rights. A civil rights violation might confer federal jurisdiction—many civil rights are protected by both the Constitution and federal law—but the complaint alleges only an unspecified "violation of [Mr. Hubi's] civil rights." (Docket No. 1 at 2.) It is not clear what federally protected civil right Mr. Hubi alleges to have been violated, and none is apparent from the allegations of the *pro se* complaint. As a result, Mr. Hubi's bald assertion of a civil rights claim is not substantial enough to confer federal question jurisdiction on this court.

## III. Conclusion

Plaintiff Hubi has not adequately pled the basis for this court's subject matter jurisdiction. Defamation and invasion of privacy are not federal causes of action. Invoking the First Amendment or claiming civil rights violations without more detail is insufficient to confer federal jurisdiction on his claims.

Mr. Hubi filed the complaint *pro se,* but he is now represented by counsel. His complaint will be dismissed for lack of subject matter jurisdiction, but pursuant to Fed. R. Civ. P. 15(a)(2) he will be given 30 days to amend his complaint to allege a sufficient basis for federal jurisdiction.

**ORDER**

**AND NOW,** this 7th day of June, 2011, upon consideration of defendant's motion to dismiss and the memorandum of law submitted with said motion, it is hereby **ORDERED** that

the complaint against Kevin Nalty, a/k/a Kevin Nalts, is **DISMISSED** for lack of subject matter jurisdiction. Plaintiff is granted leave to amend his complaint to properly invoke this court's subject matter jurisdiction. Plaintiff shall file any amended complaint within 30 days of the date of this order or waive his right to so amend.

    /s/ Louis H. Pollak
Pollak, J.